UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Ferreira

   v.                                                           Civil No. 15-cv-506-LM

Warden E.L. Tatum, Jr.


**REPORT AND RECOMMENDATION**

John Ferreira, a federal prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of a sentence imposed upon him in the District of Massachusetts. The petition is before this court for preliminary review, to determine whether the § 2241 petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states a claim to relief that appears legally sufficient. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner proceeds pro se, the assertions in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

I. **Sentencing**

In 2008, Ferreira pleaded guilty to three drug-related offenses in the District of Massachusetts.  See United States v. Ferreira, No. 1:05-cr-10306-RGS (D. Mass.) ("Criminal Case"). Ferreira asserts that the Probation Department in the District of Massachusetts determined that his advisory guideline sentencing range ("GSR") was originally 188-235 months.  Based on Ferreira's prior Massachusetts state convictions, Ferreira was deemed to be a career offender, which elevated his advisory GSR to 292-365 months.  At Ferreira's October 16, 2008, sentencing hearing, the court departed downward from the advisory GSR, and sentenced him to concurrent 180 month sentences on each count.  See Criminal Case, ECF No 448.

II. **First § 2255 Motion**

On August 16, 2010, Ferreira then filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, in the trial court. See Criminal Case, ECF No. 561.  In that motion, Ferreira challenged his sentence on the basis that he was erroneously deemed to be a career offender, based on his Massachusetts state court convictions.  In its August 15, 2011, order denying the § 2255 motion, the court stated that petitioner "was not

sentenced as a career offender." Criminal Case, slip op. at 4, ECF No. 587.

### III. **Application to File Successive § 2255 Motion**

On December 18, 2015, Ferreira filed a motion in the First Circuit, seeking permission to file a successive § 2255 motion in the District of Massachusetts. See Ferreira v. United States, No. 15-2558 (1st Cir.). In that motion, Ferreira asserted that he should be permitted to file a successive § 2255 petition because, pursuant to the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he is actually innocent of being a "career offender," and thus his sentence should be vacated. In denying Ferreira's application, the First Circuit stated as follows:

> Petitioner's first § 2255 petition challenged his status as a career offender. In denying the first § 2255 petition, the district court flatly stated that petitioner "was not sentenced as a career offender," and the court pointed out how petitioner had received a sentence below both the career offender guideline sentencing range and the non career offender guideline sentencing range. Moreover, when originally sentencing petitioner, the district court had noted the career offender guideline sentencing range – 292 to 365 months – but had explained that the court's function was to determine a reasonable sentence. The court concluded that "the threshold of reasonableness" was 180 months and sentenced petitioner to 180 months. In short, the district court ultimately determined the appropriate sentence without regard to whether petitioner technically qualified or not as a career offender. In these circumstances, even if petitioner were to establish that his predicates do not qualify him for

> career offender status and that the retroactivity requirement of 28 U.S.S. § 2255(h)(2) has been satisfied (issues on which we take no position), it is clear from the district court's prior rulings that petitioner would not receive a lower sentence.

Ferreira, No. 15-2558 (Dec. 31, 2008) (citation omitted).

## **Discussion**

Under the "savings clause" contained in § 2255(e), a petitioner may seek relief under § 2241, where § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).

In Ferreira's petition in this court, he asserts the claims that he previously raised in his First Circuit application to file a successive § 2255 motion. The procedures available under § 2255 – specifically, the process of applying to the First Circuit for leave to file a successive § 2255 motion – have already provided Ferreira with an opportunity to obtain judicial review of his claims. The First Circuit's denial of Ferreira's application, on the basis that Ferreira's claims lacked merit,

4

did not render those procedures unavailable.  Ferreira has thus failed to show that the remedy available under § 2255 is inadequate or ineffective in his case to test the validity of his conviction and sentence.  Accordingly, this court lacks savings clause jurisdiction over Ferreira's § 2241 petition, see Trenkler, 536 F.3d at 99, and the district judge should dismiss this case on that basis.

## Conclusion

    For the foregoing reasons, the district judge should dismiss Ferreira's § 2241 petition for lack of jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                                       _____
                                                       Andrea K. Johnstone
                                                       United States Magistrate Judge

March 28, 2016

cc:   John Ferreira, pro se
       Seth R. Aframe, Esq.